UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENNETH WAYNE PRIMUS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-165** |
| **CAPTAIN PARETTI, ET AL.** | **SECTION: "J"(3)** |

**O R D E R**

Plaintiff, a state pretrial detainee, filed this *pro se* sand *in forma pauperis* federal civil rights case under 42 U.S.C. § 1983. He has now filed a motion requesting the appointment of counsel. Rec. Doc. 15. For the following reasons, that motion is **DENIED**.

"A district court should appoint counsel in a civil rights case **only** if presented with **exceptional** circumstances." *Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997) (emphasis added). *See also Leachman v. Harris County*, 779 F. App'x 234, 238 (5th Cir. 2019) ("[A plaintiff] has no automatic right to appointed counsel in [a] civil rights matter."). Further, the United States Fifth Circuit Court of Appeals has explained:

> Although no comprehensive definition of exceptional circumstances is practical, a number of factors should be considered in ruling on requests for appointed counsel. These include: (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.
>
> The district court should also consider whether the appointment of counsel would be a service to [the plaintiff] and, perhaps, the court and

> defendant as well, by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination.

*Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982) (citations, quotation marks, and brackets omitted); *accord Larson v. Westbrook*, 799 F. App'x 263, 264-65 (5th Cir. 2020).

For the following reasons, this is not an exceptional case that would warrant the appointment of counsel.

First, plaintiff's claims allege that the defendants failed to protect him and retaliated against him. Such claims are common in federal court. Moreover, his particular claims are neither factually nor legally complex.

Second, given the simplicity of his claims, plaintiff should have no greater difficulty in presenting his claims than that encountered by other *pro se* litigants.

Third, plaintiff suggests that he needs counsel to investigate his case and subpoena evidence, but that suggestion is mistaken. Plaintiff may submit discovery requests directly to opposing counsel. If opposing counsel fails to respond to those requests in an appropriate manner, plaintiff may seek the Court's intervention by filing a motion to compel.

Fourth, although presenting evidence and cross-examining witnesses at trial can prove difficult for a lay person, no trial is currently scheduled in this matter.

Lastly, although counsel might prove helpful, that is normally true in such cases. That does not alone make the appointment of counsel legally necessary, especially given the straightforward nature of plaintiff's claims.

Considering all the relevant factors and the totality of circumstances, the Court finds that appointment of counsel simply is unwarranted.

New Orleans, Louisiana, this 6th day of May, 2024.

_____
**EVA J. DOSSIER**
**UNITED STATES MAGISTRATE JUDGE**