## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENNETH WAYNE PRIMUS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-165** |
| **CAPTAIN PARETTI, ET AL.** | **SECTION: "J"(3)** |

## REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss filed by Defendant Diedre McKnight. Rec. Doc. 48. Plaintiff Kenneth Wayne Primus has not filed an opposition. For the following reasons, IT IS RECOMMENDED that Defendant's Motion to Dismiss be DENIED as moot.

## I.    Background

Plaintiff, a state pretrial detainee, filed this *pro se* and *in forma* pauperis federal civil action pursuant to 42 U.S.C. § 1983. He filed his second amended complaint on August 16, 2024. Rec. Doc. 39. In that complaint, he specifically refers to defendant McKnight on only one occasion. *Id.* at 3. He alleges: "Diedre McKnight, employed by St. Tammany Parish Jail Medical Department, in her official capacity as health care provider on site in the jail and her individual capacity for allowing violations of the United States Constitution to be committed as expressed herein." *Id.* Plaintiff alleges that, on October 12, 2023, while he was unconscious, the "named Defendants" indirectly or directly caused him to be stripped naked and placed in a suicide cell intended for one person. *Id.* at 4. However, that cell already housed three other naked inmates. *Id.* When plaintiff regained consciousness, he was being

sexually assaulted by one of those inmates, "Popeye" Thomas. *Id.* He further alleges that on November 1, 2023, Captain Paretti physically assaulted plaintiff. *Id.* Lastly, plaintiff alleges that on November 21, 2023, Captain Paretti arranged for Thomas to be moved into plaintiff's dormitory in retaliation. *Id.*

Defendant Diedre McKnight filed her motion to dismiss the second amended complaint for failure to state a claim on September 17, 2024. Rec. Doc. 48. McKnight asserts that plaintiff failed to plead a valid individual capacity claim against her in that he "lumps" all the defendants together and does not allege specific facts to each individual defendant in support of his claims. Rec. Doc. 48-1 at 2-5. Defendant McKnight further argues that plaintiff fails to submit evidence that he was ignored, intentionally treated incorrectly or refused treatment. *Id.* at 2. Alternatively, defendant McKnight alleges that plaintiff has not alleged any custom, policy or practice that resulted in a violation of his constitutional rights, and, as a result, his claim against her in her official capacity should be dismissed. *Id.* at 5-8.

On October 17, 2024, the Court granted plaintiff leave of Court to file a third amended complaint. Rec. Doc. 64. Plaintiff filed his third amended complaint on November 19, 2024. Rec. Doc. 69. With regard to defendant McKnight, plaintiff alleges that she is a medical practitioner at the jail and is responsible for ensuring the provision of medical care and treatment to inmates. *Id.* at 5. Plaintiff alleges that defendant McKnight ordered plaintiff be transferred to suicide observation unit cell #2. *Id.* at 12. He further alleges the McKnight stated that, "If they want to smoke that shit put them all in the same cell," and was present in the suicide operation unit

when he was placed in the suicide cell occupied by three other naked inmates, two of whom had a history of committing prior sexual assaults at the facility. *Id.* at 6-7, 12. He further alleges that defendant McKnight was present when he was stripped naked by two other defendants. *Id.* at 10. Plaintiff alleges that defendant McKnight was aware of the substantial risk of serious harm to plaintiff and was deliberately indifferent to his medical condition as well as his safety. *Id.* at 14-16. He alleges that defendant McKnight breached her duty of care and failed to protect him from the sexual assault when she failed to intervene. *Id.* at 14, 17.

## II.    Discussion

The filing of an amended complaint supersedes the prior complaint. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir.1994) (noting that an amended complaint supersedes original complaint and renders it of no legal effect "unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading"). Courts vary in how they proceed when a plaintiff files an amended complaint subsequent to a motion to dismiss pursuant to Rule 12(b)(6). 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary Rule 15.* This Court has routinely found that the proper course is to deny the motion to dismiss as moot where the complaint is amended after the motion is filed. *Harrison v. John W. Stone Oil Distributors, LLC,* No. 23-5037, 2023 WL 7498157, at *1-2 (E.D. La. Nov. 13, 2023) (citations omitted); *Dixon v. Youngblood*, No. 20-743, 2021 WL 765380, at *1-2 (E.D. La. Feb. 26, 2021) (citations omitted); *Kelly v. Domingue*, No. 20-1496, 2020 WL 5877883, at *1-2 (E.D. La. Oct. 2, 2020) (citations omitted). While a court may apply

3

a pending Rule 12 motion to a newly amended complaint, "if applying the pending motion to the amended complaint would cause confusion or detract from the efficient resolution of the issues, then it makes sense to require the defendant to file a new motion specifically addressing the amended complaint." 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary Rule 15*. Further, when an amended complaint alleges more specific facts, the motion to dismiss an earlier version of the complaint may be denied as moot. *Hinojosa v. Merchants & Professional Bureau, Inc.*, No. 1:19-CV-835-RP, 2020 WL 13413469, at *2 (W.D Tex. April 30, 2020) (citations omitted).

Here, the second amended complaint defendant McKnight moves to dismiss is significantly different than plaintiff's third amended complaint. Plaintiff's third amended complaint raises new factual allegations and claims against defendant McKnight intended to cure the alleged defects raised in defendant McKnight's motion to dismiss. Given the substantive changes to plaintiff's claims against defendant McKnight, it would be more efficient to deny the pending motion to dismiss as moot. Defendant McKnight should be permitted to reurge her motion, if defendant McKnight genuinely believes that plaintiff has still failed to state a claim, in one specifically addressing the allegations in the third amended complaint. *See Jefferson Community Health Care Centers, Inc. v. Jefferson Parish Gov't*, No. 16-12910, 2016 WL 4429953, at *2 (E.D. La. Aug. 22, 2016) (given the new allegations and claims in the amended complaint, it would be more efficient to deny pending motions to dismiss

as moot and allow defendants to file renewed motions, addressing the amended complaint).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that defendant Diedre McKnight's Motion to Dismiss Rec. Doc. 48 be **DENIED as moot**. Defendant McKnight should be permitted to refile her motion to dismiss in a timely fashion making any changes as necessary to address the third amended complaint.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 26th day of November, 2024.

_____
**EVA J. DOSSIER**
**UNITED STATES MAGISTRATE JUDGE**