UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KENNETH WAYNE PRIMUS                    CIVIL ACTION

VERSUS                                  NO. 24-00165

CAPTAIN PARETTI, ET AL.                 SECTION: "J"(3)

## ORDER AND REASONS

Defendants Daniel Fleischman, Rhonda Simmons, Stephen Paretti, Lieutenant Aaron Mendow, Corporal Van Halen, Corporal Hannah Kairdolf, Deputy Michael Cartner, Deputy Brandon Dussouy and Deputy Julian Harrington, filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.[1] In support of the motion, defendants filed seventy-one pages of certified records relating to the investigation of plaintiff's PREA complaint as well as jail video security footage from November 1, 2023.[2]

A court's review of a Rule 12(b)(6) is limited to "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to [his] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

---

[1] R. Doc. 78.
[2] R. Docs. 78-3, 78-4, 78-5, 78-7, 78-8.

In this case, the only document attached to the third amended complaint is a PREA pamphlet.[3] True, Plaintiff referred to his PREA complaint throughout his third amended complaint.[4] But the documents submitted by defendants exceed the pamphlet and PREA complaint.  And defendants correctly acknowledge that plaintiff did not refer to the November 1, 2023 video in his third amended complaint.[5] As much of the evidence submitted by the defendants was not included in or referred to by plaintiff in his third amended complaint, the Court will not consider it for purposes of a motion to dismiss.

Pursuant to Fed. R. Civ. P. 12(d), the Court has discretion, when presented with material beyond the scope of Rule 12(b)(6), to accept the material and convert the motion to dismiss into one for summary judgment. *Isquith v. Middle South Utils., Inc.*, 847 F.2d 186, 193 n. 3 (5th Cir. 1988). "This discretion generally will be exercised on the basis of the district court's determination of whether or not the proffered material, and the resulting conversion from the Rule 12(b)(6) to the Rule 56 procedure, is likely to facilitate the disposition of the action." Wright & Miller, Fed. Prac. & Proc. § 1366 (3d ed 2024). When conversion is made, the parties are entitled to notice and an opportunity to supplement their pleadings. *Allen v. Hays*, 812 F. App'x 185, 190 (5th Cir. 2020) (citing Fed. R. Civ. P. 12(d)).

---

[3] R. Doc. 69 at 1-2.
[4] R. Doc. 69 at 4, 8, 13, 16, and 19.
[5] *See* R. Doc. 78-1 at 25 n. 141.

Because the Court finds that the evidence attached to defendants' motion to dismiss is likely to facilitate disposition of the claims against these defendants, the Court will accept and consider the evidence.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss, R. Doc. 78, is hereby converted to a motion for summary judgment.

**IT IS FURTHER ORDERED** that, if defendants so desires, they may supplement their motion to present any other pertinent material on or before **February 27, 2025**.

**IT IS FURTHER ORDERED** that defendants submit an enumerated statement of facts under Local Rule 56.1 on or before **February 27, 2025.**

**IT IS FURTHER ORDERED** that plaintiff file a memorandum in response to the motion, including any supporting evidence, on or before **March 20, 2025.** Plaintiff must provide a statement of facts under Local Rule 56.2.

**IT IS FURTHER ORDERED** that Defendants' motion will be taken under submission without oral argument on **March 20, 2025.**

New Orleans, Louisiana, this 6th day of February, 2025.

_____
**EVA J. DOSSIER**
**UNITED STATES MAGISTRATE JUDGE**