UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KENNETH WAYNE PRIMUS                    CIVIL ACTION

VERSUS                                  NO. 24-00165

CAPTAIN PARETTI, ET AL.                 SECTION: "J"(3)

**REPORT AND RECOMMENDATION**

Defendant Diedre McKnight filed a motion to dismiss under Fed. R. Civ. P. 12(B)(6) for failure to state a claim.[1] Plaintiff Primus filed an opposition to the motion.[2] Having considered the memoranda, the record, and the applicable law, it is recommended that the defendant McKnight's motion be granted in part and denied in part.

**I.   Background**

Primus, a state pretrial detainee, filed this *pro se* and *in forma pauperis* civil action under 42 U.S.C. § 1983. In his third amended complaint, he named as defendants Warden Fleischman, Assistant Warden Simmons, Captain Paretti, Lieutenant Mandow, Corporal Kairdolf, Corporal Van Halen, Deputy M. Cartner, Deputy B. Dussouy, Deputy Harrington, and Nurse McKnight.[3] Primus alleges that McKnight is a medical practitioner at the jail and is responsible for ensuring the provision of medical care and treatment to inmates.[4] Primus alleges that McKnight ordered that he be transferred from his dormitory to suicide observation unit cell #2

---

[1] R. Doc. 80.
[2] R. Doc. 92.
[3] R. Doc. 69.
[4] *Id.* at 5.

on October 11, 2023.[5] He further alleges the McKnight stated, "If they want to smoke that shit [,] put them all in the same cell."[6] Primus maintains that McKnight was present in the suicide operation unit when he was placed in a suicide observation cell occupied by three other naked inmates, two of whom had committed prior sexual assaults at the facility.[7] He further alleges that McKnight was present when he was stripped naked by two other defendants.[8] Primus alleges that McKnight was aware of the substantial risk of serious harm to him when he was placed in the cell with the other inmates and was deliberately indifferent to his medical condition as well as his safety.[9] He alleges that he was in the cell with three other inmates and with no bedding or mattress for approximately twenty-four hours.[10] He claims that he was sexually assaulted by one of the other inmates during that time.[11] He alleges that McKnight breached her duty of care and failed to protect him from the sexual assault.[12]

## II.   Standard of Law

In ruling on a Rule 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks omitted). "To

---

[5] *Id.* at 6, 12.
[6] *Id.* at 6–7, 12.
[7] *Id.*
[8] *Id.* at 10.
[9] *Id.* at 14–16.
[10] *Id.* at 9, 12.
[11] *Id.* at 10, 12, 14–16.
[12] *Id.* at 14, 17.

survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, a court's task is to "determine whethzer the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (citing *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012)).

Still, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555. A complaint is insufficient if it contains merely " 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Rather, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Courts make this determination based "only on 'the facts stated in the complaint and the documents either attached to or incorporated in the complaint.' " *Ferguson v. Bank of New York Mellon Corp.*, 802 F.3d 777, 780 (5th Cir. 2015) (quoting *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)). Ultimately, courts reviewing motions under Rule 12(b)(6) must dismiss all

claims for which the complaint's well-pleaded factual allegations fail to state a cognizable claim for which the defendant could reasonably be held responsible.

## III. Analysis

McKnight seeks dismissal of the claims against her on two bases. First, McKnight asserts that Primus has not stated an individual capacity claim against her because he "lump[s all Defendants] together" and fails to plead "specific facts as to each individual Defendant."[13] Second, she argues that Primus has no claim for deliberate indifference because he admits he was given medical treatment and fails to allege that he was ignored or intentionally treated incorrectly.[14]

### A. Official Capacity Claims

Primus's claims against McKnight in her official capacity fail as a matter of law. "Official-capacity suits may be brought only against an official acting as a policymaker, such that [her] decisions represent the official policy of the local government unit." *Guillot ex rel. T.A.G. v. Russell*, 59 F.4th 743, 750 (5th Cir. 2023). Here, Primus fails to allege that McKnight, a nurse at the jail, has any policy-making authority. Nor does he allege that her decisions reflect official jail policy. Thus, the official-capacity claims must be dismissed. *See Kimble v. Jefferson Par. Sheriff's Office*, No. 22-30078, 2023 WL 1793876, at *3 (5th Cir. Feb. 7, 2023); *Salazar v. U.T.M.B. C.M.C.*, No. 5:19-CV-124-BQ, 2020 WL 6556031, at *4 (N. D. Tex. Jan. 27, 2020), *adopted*, 2020 WL 5757491 (N. D. Tex. Sept. 28, 2020), *appeal dismissed*,

---

[13] R. Doc. 80-1 at 3 (citations omitted).
[14] *Id.* (citation omitted).

4

*Salazar v. Linthicum*, No. 21-10610, 2022 WL 31010697 (5th Cir. July 29, 2022). Accordingly, any official-capacity claims asserted against McKnight should be dismissed for failure to state a claim.

### B.    Individual Capacity Claims

Primus alleges deliberate indifference claims against McKnight relative to medical treatment and failure to protect. "'Whether the State's obligation is cast in terms of a duty to provide medical care or protection from harm, its ultimate constitutional duty is 'to assume some responsibility for [the] safety and general well-being' of persons whose state-occasioned confinement renders them unable to fend for themselves. *Hare v. City of Corinth, Miss.,* 74 F.3d 633, 644 (5th Cir. 1996) (quoting *DeShaney,* 489 U.S. at 200, 109 S.Ct. at 1005). Yet, while the underlying duty is the same, Primus's two claims relate to separate events.

### 1.    Medical Indifference

Primus appears to allege that McKnight was deliberately indifferent to his serious medical condition on October 11, 2023.[15] With regard to that date, he alleges that he was "in need of serious isolated medical monitoring."[16] It is not entirely clear whether he is attempting to claim that McKnight was also deliberately indifferent to his medical needs on November 1, 2023, after an alleged assault by Captain Paretti. Thus, both dates will be addressed. For the following reasons, Primus has not alleged

---

[15] R. Doc. 69 at 15–16.
[16] *Id.* at 15.

sufficient facts demonstrating that McKnight violated his constitutional rights concerning medical care on either date.

"The Fourteenth Amendment guarantees pretrial detainees a right not to have their serious medical needs met with deliberate indifference on the part of the confining officials."[17] *Dyer v. Houston*, 964 F.3d 374, 380 (5th Cir. 2020) (quotation marks omitted). "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006). In her motion, McKnight does not expressly dispute that Primus's medical needs were serious ones. For now, the Court will thus assume that Primus's medical needs were serious ones.

McKnight argues that Primus has not adequately alleged that she personally acted with "deliberate indifference." The United States Fifth Circuit Court of Appeals has explained that requirement:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment. And, the failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference.

---

[17] Cases decided under both the Fourteenth and Eighth Amendment are relevant to the medical claims because the duty involved is identical regardless of whether the claim is asserted by a pretrial detainee or a convicted prisoner. *See, e.g., Cleveland v. Bell*, 938 F.3d 672, 676 (5th Cir. 2019).

6

*Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (citations, quotation marks, and brackets omitted). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997); *see also Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does an inmate's disagreement with his medical treatment, absent exceptional circumstances." *Gobert*, 463 F.3d at 346. Instead, Primus must establish that McKnight "refused to treat [him], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009) (quoting *Domino*, 239 F.3d at 756). Primus's third amended complaint does not adequately allege that McKnight was deliberately indifferent to his medical needs under this standard.

Primus alleges that he received medical care after an altercation with Captain Paretti on November 1, 2023.[18] He does not allege any deficiency in that care, much less any conduct that would rise to the level of deliberate indifference. Therefore, any medical indifference claim against McKnight arising out of November 1, 2023 should be dismissed for failure to state a claim. *Kimble v. Parish of Jefferson*, No. 21-409, at *10–11, 2022 WL 20209913 (E.D. La. April 26, 2022), *adopted*, 2022 WL 2178491

---

[18] R. Doc. 69 at 8.

(E.D. La. June 14, 2022), *appeal dismissed, Kimble v. Correcthealth Jefferson, L.L.C.*, No. 22-30388, 2023 WL 3946437 (5th Cir. June 12, 2023).

Primus further alleges that McKnight ordered him transferred to Suicide Observation Unit Cell #2 on October 11, 2023.[19] But "placement in a suicide watch holding cell in the interest of protecting [an inmate] from self-injury, is a classic example of the exercise of 'medical judgment,' which, even if incorrect, cannot serve as the basis for a finding of deliberate indifference in the constitutional sense." *Williamson v. Larpenter*, No. 19-254, 2019 WL 3719761, at *8 (E.D. La. July 15, 2019), *adopted*, 2019 WL 3718135 (E.D. La. Aug. 7, 2019). He further alleges that McKnight was "present in the Suicide Observation Unit" on October 11, 2023, when he was stripped, placed naked in a small suicide cell meant for one person, and sexually assaulted by another inmate placed in the same cell.[20] But there is no allegation that McKnight was responsible for observing Primus's observation cell nor that she did so at the time of the alleged assault. To the contrary, Primus alleges that multiple individuals, including McKnight were "present" in the unit, but that it was two specific deputies who "were in charge of monitoring the suicide observation cells".[21] Merely alleging that an individual "was present at the unit at the time of the attack . . . is insufficient to establish relief under 42 U.S.C. § 1983." *Ruiz v. Price*, 97 F. App'x 460, 462 (5th Cir. 2004).

---

[19] Doc. 69 at 12.
[20] R. Doc. 69 at 9–10.
[21] Doc. 69 at 9–10. In his response, Primus again specifically alleges that defendants Dussouy and Harrington failed to protect him from the alleged sexual assault. R. Doc. 92 at 3–4.

Finally, Primus complains that he was "in need of serious *isolated* medical monitoring" while he was on suicide watch.[22] But he alleges no specific factual allegations that would support a claim against McKnight. An inmate must show that officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Guillot on behalf of T.A.G. v. Russell*, 59 F.4th 743, 755–56 (5th Cir. 2023) (quotation omitted). Thus, at most, this allegation reflects a disagreement with the quality or extent of medical treatment and is insufficient to support a Section 1983 claim. *See Damond v. City of Rayville*, 127 F.4th 935, 940 (5th Cir. 2025). For these reasons, the Primus's claims of medical indifference against McKnight in her individual capacity should be dismissed.

### 2. Failure to Protect

While Primus's allegations against McKnight based on his medical care fail as a matter of law, his claim based on McKnight's alleged failure to protect him from sexual assault by another inmate is sufficient to survive the Rule 12(b)(6) standard.

The Eighth Amendment's prohibition on cruel and unusual punishment imposes a duty on prison officials to "'protect prisoners from violence at the hands of other prisoners.'" *Williams v. Hampton*, 797 F.3d 276, 280 (5th Cir. 2015) (citing *Farmer v. Brennan*, 511 U.S. 825, 832–83 (1994) (omission in original)). This right extends to pretrial detainees through the due process clause of the Fourteenth Amendment. *See Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996). The law,

---

[22] *Id.* at 15 (emphasis added).

however, does not require that prison officials prevent all inmate-on-inmate violence. *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003).

To establish a violation of this right, a plaintiff must show that he was "'incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection.'" *Pogue v. Bello*, 275 F.3d 1079, 2011 WL 1467095, at *1 (5th Cir. 2001) (citation omitted). Mere negligence in failing to protect a prisoner from assault, however, does not establish a constitutional violation. *Adames*, 331 F.3d at 512. Thus, Primus must establish that McKnight knew that a substantial risk of sexual assault existed and then intentionally disregarded that risk. *Farmer*, 511 U.S. at 837.

McKnight asserts that Primus has failed to state a claim against her because she was merely present when Captain Kairdolf ordered Primus placed in the suicide cell and because other deputies placed him in the cell and removed his clothing.[23] McKnight further argues that Primus fails to include any allegation or present any evidence that she was aware of the risk of when he was placed in the observation cell with others.[24]

But as Primus points out in his response,[25] Primus does not merely allege that McKnight was present at the time he was placed in the cell where the assault occurred. Primus alleges that "McKnight and Kairdolf stated, 'If they want to smoke

---

[23] R. Doc. 80-1 at 3
[24] *Id.* at 5–6.
[25] R. Doc. 92 at 2.

10

that shit[,] put them in the same cell.'"[26] He further alleges that both individuals specifically "ordered him to be transferred to suicide observation [] cell #2," and that they did so "maliciously and sadistically."[27] Primus alleges that two of the other inmates in cell #2 were "known aggressive bisexual/homosexual inmates" who "had prior PREA/sexual assaults at this same jail" and that one of the inmates was "a known sexual predator."[28]

At this stage, Primus's failure-to-protect claim against McKnight is sufficient to survive Rule 12(b)(6). According to the third amended complaint, McKnight ordered Primus, who had been brought to the unit unconscious and in a wheelchair,[29] to be placed in a specific cell with naked inmates known to have committed sexual assaults at that same jail. At this stage, McKnight cannot present evidence to rebut these allegations, which must be taken as true. And while the allegations may implicate credibility questions, the Court may not assess credibility at this time. *See Greene v. DeMoss*, No. 21-30044, at *3 (5th Cir. Aug. 29, 2022) (the court must assess the plausibility and not the credibility of the claims under Rule 12(b)(6)); *see also Johnson v. Johnson*, 385 F.3d 503, 525 (5th Cir. 2004) (observing that whether an official had knowledge of the substantial risk of harm raised a question of fact).

Viewing the allegations in the third amended complaint in the light most favorable to Primus, he has sufficiently alleged the requisite elements of deliberate

---

[26] R. Doc. 69 at 7.
[27] *Id.* at 7, 12, 18–19. Although the allegation that the defendants acted maliciously is conclusory by itself, it is supported by the surrounding allegations.
[28] *Id.* at 2, 7, 12, 15.
[29] *See* R. Doc. 69 at 6.

indifference relating to his failure-to-protect claim against McKnight. *See generally Thomas v. Grimes*, No. 18-77-JWD-AEWD, 2019 WL 542978, at *7–8 (M.D. La. Feb. 11, 2019) (denying motion to dismiss when prisoner alleged that defendant knew he that assailant was a known sexual predator); *Bushner v. Kerner*, 2:24-cv-1861, 2024 WL 3226140, at *8–9 (S.D. Ohio June 27, 2024) (recommending failure to protect claim proceed when prisoner alleged defendants assigned a "known sexual predator" as a cellmate); *D.M. v. Chatman*, No. 1:13-CV-3565-RWS, 2015 WL 11233083, at *9 (N.D. Ga. May 19, 2015) (denying motion to dismiss when plaintiff alleged that defendants knew attacker had repeatedly assaulted other inmates and failed to ensure plaintiff was protected). Accordingly, given that Primus's factual allegations must be taken as true at this stage, McKnight's motion to dismiss the claim for failure to protect against her in her individual capacity should be denied.

### 3. Failure to Intervene

To the extent Primus has attempted to allege McKnight failed to intervene in the alleged sexual assault by Thomas, that claim fails. Primus has not alleged that McKnight observed his allegedly sexual assaulted nor that she was present for it. As a result, he fails to state a claim against McKnight for failure to intervene. *Richard v. Hooper*, No. 20-419-SDD-EWD, 2021 WL 6536665, at *4 (M.D. La. Dec. 29, 2021), *adopted*, 2022 WL 164536 *M.D. La. Jan. 18, 2022). Thus, Primus's claim of failure to protect against McKnight in her individual capacity should be dismissed for failure to state a claim.

### 4. Conditions of Confinement

Primus also alleges that, when he was placed in the suicide observation cell, he lacked bedding and a mattress.[30] Again, McKnight asserts that she did not direct that Primus be placed in a suicide-prevention cell and further argues that Primus's temporary placement on suicide watch did not rise to the level of deliberate indifference.[31]

It is clear that "the Fourteenth Amendment prohibits the imposition of conditions of confinement on pretrial detainees that constitute punishment." *Collins v. Ainsworth*, 382 F.3d 529, 540 (5th Cir. 2004) (internal quotation marks omitted). Regardless of whether an inmate is a pretrial detainee or a convicted prisoner, however, the standard of liability is the same for episodic acts or omissions of jail officials of the type alleged here. *McCarty v. Zapata Cty.*, 243 F. App'x 792, 794 (5th Cir. 2007) (citing *Gibbs v. Grimmette*, 254 F.3d 545, 547 (5th Cir. 2001) *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 526 (5th Cir.1999); *Hamilton v. Lyons*, 74 F.3d 99, 104 n. 3 (5th Cir.1996); *Hare*, 74 F.3d at 650.

In this case, Primus alleges that he was temporarily housed in a suicide observation cell for a period of about twenty-four hours.[32] Thus, "'the complained-of harm is a particular act or omission of one or more officials,'" *Olabisiomotosho*, 185 F.3d at 526 (quoting *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir.1997)), and the deliberate indifference standard applies. Primus must first show that the conditions of his

---

[30] *Id.* at 2, 6–7, 9–12, 14–15, 17–19
[31] R. Doc. 80-1 at 5.
[32] R. Doc. 69 at 9, 12.

13

confinement were "so serious as to deprive prisoners of the minimal measure of life's necessities, as when it denies the prisoner some basic human need." *Harper v. Showers*, 174 F.3d 716, 720 (5th Cir. 1999) (citation omitted). Second, he must show that "the responsible prison officials acted with deliberate indifference to his conditions of confinement." *Id.*

Applying this standard, Primus does not allege a constitutional violation. Regardless of who ordered Primus to be placed on suicide watch, McKnight is correct that there is no constitutional right to avoid being placed on suicide watch. *Young v. McCain*, No. 16-03404, 2017 WL 2373244, at *8 (E.D. La. April 24, 2017) (citation omitted), *adopted*, 2017 WL 2371154 (E.D. La. May 31, 2017), *aff'd*, 760 F. App'x 251 (5th Cir. 2019); *Johnson v. McVea*, No. 15-1586, 2016 WL 1242840, at *6 (E.D. La. Mar. 7, 2016) (collecting cases), *adopted*, 2016 WL 1223067 (E.D. La. Mar. 29, 2016).

Primus fails to sufficiently plead that he was deprived "the minimal civilized measure of life's necessities" during his temporary placement in a suicide observation cell. *See* Harper, 174 F.3d at 720. The denial of a mattress for a period of approximately twenty-four hours while Primus was in a suicide observation cell did not violate his constitutional rights. *Williamson*, 2019 WL 3719761, at * 9 (suicide watch conditions consisting of placement in a cell with four to five other inmates with no access to personal possessions or a mattress did not violate constitutional rights); *Davis v. Gusman*, No. 09-7195, 2010 WL 1727825, at *22–24 (E.D. La. April 13, 2010) (deprivation of a mattress for five days did not violate constitutional rights), *adopted*, 2010 WL 1712781 (E.D. La. April 28, 2010); *Desroche v. Strain*, 507 F. Supp.2d 571,

14

580–81 (E.D. La. 2007) (denial of mattress of ten days was a "temporary inconvenienc[e]"), *appeal dismissed*, 291 F. App'x 569 (5th Cir. 2008); *Snell v. Community Educ. Centers Corr. & Med. Staff*, No. 5:11cv126, 2012 WL 3956328, *12 (E.D. Tex. June 20, 2012) (finding claim of two-day confinement in medical cell without a mattress was meritless), *adopted*, 2012 WL 3930062 (E.D. Tex. Sept. 10, 2012). The deprivation of a blanket during the period Primus was in the suicide observation cell also did not violate the Constitution. *Luke v. Beagron*, 2016 WL 8740486, at *6 (E.D. La. Dec. 28, 2016) ("a temporary deprivation of a blanket is not sufficiently egregious to violate the Constitution.") (citations omitted), *adopted*, 2017 WL 1407718 (E.D. La. April 20, 2017); *Alexander v. Southern Health Partners, Inc.*, No. 3:22-CV-0395-X, 2024 WL 3240652, at *5–6 (N.D. Tex. June 28, 2024) (denial of bedding clothing, toilet, and a sink for five days while inmate was under suicide watch did not deprive inmate of life's minimal necessities), *appeal filed*, *Alexander v. Taft*, No. 24-10663 (5th Cir. July 22, 2024). In short, "[i]t is reasonable for inmates to be denied clothing and blankets while on suicide watch because it is one of the only methods of ensuring a suicidal inmates' safety." *Regalado v. City of Edinburg*, No. 7:22-cv-228, 2023 WL 2394299, at *22 (S.D. Tex. Feb. 1, 2023) (citation omitted), *adopted*, 2023 WL 2391014 (S.D. Tex. March 7, 2023), *reconsideration denied*, 2023 WL 11857629 (S.D. Tex. May 2, 2023).

Accordingly, the claims against McKnight in her individual capacity regarding the conditions of Primus's confinement should be dismissed as frivolous.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that defendant Diedre McKnight's Motion to Dismiss Pursuant (R. Doc. 80) be **GRANTED IN PART and DENIED IN PART.**

It is further **RECOMMENDED** that the claims against McKnight in her official capacity, as well as the medical indifference, failure to intervene, and conditions of confinement claims against her in her individual capacity be **DISMISSED WITH PREJUDICE**.

It is further **RECOMMENDED** that Primus's § 1983 claim against defendant McKnight in her individual capacity for failure to protect arising from the alleged sexual assault on October 11, 2023, be allowed to proceed and remain referred to the undersigned Magistrate Judge for further pretrial proceedings.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 28th day of February, 2025.

**EVA J. DOSSIER**
**UNITED STATES MAGISTRATE JUDGE**